FLETCHER, Judge.
Eduardo Lavado, as Administrator and Personal Representative of the Estate of Mayda Diaz, deceased, and as natural parent and guardian for and on behalf of Mercedes Carmen Diaz, a minor, brought suit against General Electric Capital Auto Financial Services, Inc., d/b/a G.E. Capital Auto Lease [G.E.] under the dangerous instrumentality doctrine[1] for the wrongful death of Mayda Diaz, who died as the result of a head-on collision with a pickup truck leased from G.E. G.E. defended on the basis that it was not the truck’s owner for the purpose of determining financial responsibility for its operation as G.E. had complied with section 324.021(9)(b), Florida Statutes (1995); which immunizes vehicle lessors from liability under the dangerous instrumentality doctrine if certain conditions are met. The trial court concluded that G.E. met those conditions and granted summary judgment for G.E. We conclude that the trial court erred as a matter of law and reverse.
Section 324.021(9)(b), Florida Statutes (1995) provided:
“Owner/lessor — Notwithstanding any other provision of the Florida Statutes or existing ease law, the lessor, under an agreement to lease a motor vehicle for 1 year or longer which requires the lessee to obtain insurance acceptable to the lessor which contains limits not less than $100, 000/$300,000 bodily injury liability and $50,000 property damage liability, shall not be deemed the owner of said motor vehicle for the purpose of determining financial responsibility for the operation of said motor vehicle or for the acts of the operator in connection therewith; further, this paragraph shall be applicable so long as the *1238 insurance required under such lease agreement remains in effect.”
The pickup truck was leased from G.E. for forty-two months, thus G.E. met the statutory time requirement. The lease agreement provided that the lessee would pay for:
“Q. Vehicle Insurance
(i) Public liability for bodily injury or death to any one person for $100,000 and for any one occurrence for $300,000.”
The lease agreement thus called for the same (minimum) split limit bodily injury coverage that the statute required for the immunity. If such insurance had been provided it would have covered up to a maximum of $100,000 for each injured person, up to the occurrence limit of $300,000.
However, the lessee of the pickup truck did not purchase split limit bodily injury liability insurance, as contemplated by the statute, but purchased insurance with a single limit of $300,000/$300,000 (and $100,000 property damage); that is, any injured person with bodily injuries of $300,000 could recover that amount, which would then exhaust the occurrence limit, leaving other injured parties without recourse under the policy. In the instant case, there were four passengers in the vehicle with Mrs. Diaz at the time of the accident. One passenger died and three were injured. Of all the potential claimants, three settled with the insurance company: the estate of the deceased passenger settled for $200,000, and the other passengers for $60,000 and $40,000 respectively, thus exhausting the occurrence limits. This left Mrs. Diaz’ estate out in the cold. On the other hand, had the policy’s bodily injury limit been $100,000, the estate of the deceased passenger, which had settled for $200,000, would have been limited to $100,-000, leaving coverage in the amount of $100,-000 available to Mrs. Diaz’ estate.
The Legislature most certainly knows the difference between types of insurance coverage. As it existed at the time of the accident, Section 324.021(9)(b), Florida Statutes (1995) provided immunity only for split limit policies in the amount of $100,000/$300,000 or greater, with no provision for single limit policies. In 1996, the Legislature amended section 324.021(9)(b)[2] to add an immunity based on insurance purchased by the lessee with a single limit of not less than “$500,000 combined property damage liability and bodily injury liability.”[3] The policy that G.E. relies on here for its immunity argument would not comply even with the 1996 version of this statute as it falls short of the $500,000 combined figure.
We conclude that G.E. has no immunity pursuant to section 374.021(9)(b), Florida Statutes (1995), reverse the summary judgment in its favor, and remand for further proceedings consistent herewith.
Reversed and remanded.
*1239 SORONDO, J., concurs.
COPE, J., dissents.

. See Hertz Corp. v. Jackson, 617 So.2d 1051 (Fla.1993) and cases cited therein.

. So as to read:
''Owner/lessor — Notwithstanding any other provision of the Florida Statutes or existing case law, the lessor under an agreement to lease a motor vehicle for 1 year or longer which requires the lessee to obtain insurance acceptable to .the lessor which contains limits not less than $100,000/$300,000 bodily injury liability and $50,000 property damage liability or not less than $500,000 combined property damage liability and bodily injury liability, shall not be deemed the owner of said motor vehicle for the purpose of determining financial responsibility for the operation of said motor vehicle or for the acts of the operator in connection therewith; further, this paragraph shall be applicable so -long as the insurance meeting these requirements is in effect. The insurance meeting such requirements may be obtained by the lessor or lessee, provided, if such insurance is obtained by the lessor, the combined coverage for bodily injury liability and properly damage liability shall contain limits of not less than $1 million and may be provided by a lessor’s blanket policy.”

. Presumably this amendment was prompted by the conclusions in General Motors Acceptance Corp. v. Davis, 664 So.2d 10.25 (Fla. 2d DCA 1995), and Bush Leasing, Inc. v. Gallo, 634 So.2d 737 (Fla. 1st DCA), rev. denied, 645 So.2d 450 (Fla.1994), that a single limit policy of $300,000 for bodily injuries and property damage (.Davis, Bush Leasing) and a single limit policy of $500,-000 (Bush Leasing), did not satisfy the statutory immunity condition of a split limit policy with limits of $100,000/$300,000 bodily injury liability and $50,000 property damage liability. Our decision today is consistent with Davis and Bush Leasing although our logic relates more to the type of coverage called for by the statute (before its 1996 amendment) than to the amount of coverage as in Davis and Bush Leasing.